UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
             :

UNITED STATES OF AMERICA
             :    CONSENT PRELIMINARY ORDER
     - v. -                        OF FORFEITURE AS TO SPECIFIC
             :    PROPERTY/MONEY JUDGMENT

KENA ZHAO,
    a/k/a, "Angela,"          :    23 Cr. 469 (KMK)

        Defendant.
             :
------------------------------------- x

WHEREAS, on or about September 12, 2023, KENA ZHAO (the "Defendant"), was charged in a two-count Sealed Indictment, 23 Cr. 469 (KMK) (the "Indictment"), with violating the Travel Act, in violation of Title 18, United States Code, Sections 1952(a)(3)(A) and 2 (Count One); and conspiracy to violate the Travel Act, in violation of Title 18, United States Code, Section 371 (Count Two);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, on or about  8/22/24 , the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money in the amount

of $1,300,000 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment; and (ii) all right, title and interest of the Defendant in the following specific property:

    a. $16,276.34 in United States currency seized by the Government on or about October 24, 2023 from Citibank account number ending in 5236, held in the name of "Spa Ever Inc.";

    b. $663.84 in United States currency seized by the Government on or about October 2, 2023 from J.P. Morgan Chase account number ending in 1868, held in the name of "Perfect Spa Inc.";

    c. $820.50 in United States currency seized by the Government on or about October 3, 2023 from Royal Business Bank account number ending in 3493, held in the name of "Spa Havan Inc.";

    d. $322.77 in United States currency seized by the Government on or about October October 3, 2023, from Royal Business Bank account number ending in 3451, held in the name of "Emperor Spa Inc.";

    e. $1,172.39 in United States currency seized by the Government or on about October 18, 2023 from Cathay Bank account number ending in 8109, held in the name of "Emperor Spa 318 Inc."; and

    f. $760.79 in United States currency seized by the Government on or about September 26, 2023 from Shinhan Bank America account number ending in 2701, held in the name of "Perfect Spa I, Inc.";

    g. $4,155 in U.S. currency seized on or about September 14, 2023, from Emperor Spa, located at 318 Lexington Avenue, Unit 2F, New York, NY 10016;

    h. $8,413 in U.S. currency seized on or about September 14, 2023, from Emperor Spa, located at 565 Route 6, Mahopac, NY 10541;

    i. $640 in U.S. currency seized on or about September 14, 2023, from Perfect Spa, located at 24 Crisfield Street, Yonkers, NY 10710;

    j. $69,436 in U.S. currency seized on or about September 14, 2023, from 514 Peekskill Hollow Road, Putnam Valley, NY 10579; and

    k. The following items seized on or about September 18, 2023, from safety deposit box 1109 at the Bank of China, 42-35 Main Street, Flushing, NY 11355:

      i. $34,975 in U.S. currency;

      ii. Silver bars emblazoned with plants and Chinese characters;

      iii. Metallic chopsticks;

      iv. A silver Lukfook box containing gold and silver rings;

      v. A silver Lukfook box containing a gold and brown necklace;

      vi. Gold box with two gold bracelets; and

      vii. Black box with a gold necklace;

(a. through k., collectively, the "Specific Property");

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,300,000 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with her co-defendant, Hong Ru Lin, a/k/a "Bruce," (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant in this case;

WHEREAS, the Defendant further consents to the forfeiture of all her right, title and interest in the Specific Property, which constitutes proceeds of the offense charged in Count One of the Indictment;

WHEREAS, the Government and the Defendant agree that payment by the Defendant of $232,381 in United States currency, representing a $350,000 settlement payment reduced by the cash assets listed as Items (g.) through (k.)(i) in the Specific Property, *supra*, prior to the time of Defendant's sentencing (the "Satisfaction Payment), together with forfeiture of the Specific Property to the United States, will constitute full satisfaction of the $1,300,000 money judgment upon entry of a final order of forfeiture for all of the Specific Property;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys Ryan W. Allison, Jamie Bagliebter, and Margaret N. Vasu, of counsel, and the Defendant and her counsel, James R. Costo, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,300,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with the Co-defendant to the extent a forfeiture money judgment is entered against the Co-defendant in this case, shall be entered against the Defendant.

2. Payment by the Defendant of the Satisfaction Payment prior to Defendant's sentencing, together with forfeiture of the Specific Property to the United States, will constitute full satisfaction of the Defendant's Money Judgment upon entry of a final order of forfeiture for all of the Specific Property. Should the Defendant not make the entire Satisfaction Payment by

the date of her sentencing or should less than all of the Specific Property be forfeited to the United States in the final order of forfeiture, the Money Judgment shall remain in full force and effect, and the Government shall retain all rights to collect against said Money Judgment.

3.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

4.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant KENA ZHAO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

5.    All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

6.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7.    Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

12. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

15. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          8/22/24
   RYAN W. ALLISON                            DATE
   JAMIE BAGLIEBTER
   MARGARET N. VASU
   Assistant United States Attorneys
   26 Federal Plaza
   New York, NY 10278
   (212) 637-2474 / -2236 / (914)-993-1926


KENA ZHAO

By: Ke na zhao                                08/19/2024
   KENA ZHAO                                  DATE

By: James R Costo                             8/19/2024
   JAMES R. COSTO, ESQ.                       DATE
   Attorney for Defendant
   Law Office of James Costo
   50 Park Place, Suite 600
   New York, NY 10007


SO ORDERED:

_____                8/26/24
HONORABLE KENNETH M. KARAS                    DATE
UNITED STATES DISTRICT JUDGE